IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVIS EDDIE WILSON

      Petitioner,

v.                                                              Civ. No. 12-1224 JAP/GBW

TIM HATCH and ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, *doc. 2*, and Respondents' Answer and Motion to Dismiss, *docs. 11 & 15*. I find that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims. I recommend that Petitioner be given thirty days to voluntarily dismiss his unexhausted claims or to provide evidence that he has properly exhausted those claims in state court. If, within thirty days, Petitioner does not provide evidence of exhaustion and does not elect to dismiss the unexhausted claims, I recommend dismissing his petition without prejudice. I further recommend that the Court deny the requests made in Petitioner's response to Respondents' motion to dismiss that the Court determine whether Respondents are prejudiced and appoint counsel for Petitioner.

1

I.   <u>BACKGROUND</u>

Petitioner and co-defendant Jarrell Frazier were tried together in New Mexico's

Second Judicial District Court for the April 2002 murder of Kelly Knoll.  *Doc. 11*, ex. O at

2.  On February 13, 2004, Petitioner was convicted of Felony Murder, Kidnapping

(Victim not Freed in a Safe Place and/or Great Bodily Harm Inflicted), Conspiracy to

Commit Kidnapping (Victim not Freed in a Safe Place and/or Great Bodily Harm

Inflicted), Aggravated Battery (Great Bodily Harm), Conspiracy to Commit Aggravated

Battery (Great Bodily Harm), two counts of Tampering with Evidence, and Conspiracy

to Commit Tampering with Evidence.  *Id*., ex. A.  Petitioner was sentenced to life plus

twenty-one years, of which nine were suspended for a total of life plus twelve years.  *Id*.

Prior to the trial, Petitioner had moved for Judge Albert Murdoch to recuse

himself from presiding over Petitioner's preliminary hearing.  *Id*., ex. O at 4-5, ex. DD at

10.  Judge Murdoch denied that motion.  *Id*.  Petitioner later moved to sever his trial

from that of Mr. Frazier.  *Id*., ex. O at 9, ex. DD at 7.  That motion was also denied.  *Id*.

At trial, at the close of the State's case, Petitioner moved for a directed verdict.  *Id*., ex. O

at 30.  Judge John Brennan, who presided over Petitioner's trial, denied that motion.  *Id*.

A few months after Petitioner's trial, Judge Brennan was arrested for the possession of

cocaine.  *Id*., ex. R, attachment no. 11.

On March 5, 2004, Petitioner filed a Provisional Notice of Appeal to preserve his

right to appeal without divesting the district court of its jurisdiction to consider post-

judgment motions.  *Id.*, ex. C.  On May 18, 2005, the Supreme Court of New Mexico granted Petitioner's motion for an extension of time to file post-judgment motions in the trial court and a statement of issues in the Supreme Court, *id.*, ex. D, but dismissed the case on January 15, 2008, for failure to perfect an appeal, *id.*, ex. G.  Petitioner then moved on September 17, 2008, to reinstate his appeal.  *Id.*, exs. I, J.

On January 20, 2009, Petitioner filed his brief in chief in the Supreme Court, *id.*, ex. L, and on May 4, 2009, Respondents filed their answer, *id.*, ex. M.  On December 14, 2009, the Supreme Court vacated Petitioner's kidnapping conviction as violative of double jeopardy because kidnapping, as the predicate felony for Petitioner's felony murder conviction, is subsumed into that conviction.  *Id.*, ex. O at 4.  The court affirmed the remaining convictions.  *Id.*, ex. O.  On March 26, 2010, Petitioner was resentenced to life imprisonment.  *Id.*, ex. Q.

On October 8, 2010, Petitioner filed a petition for writ of habeas corpus in the state trial court, in which he requested an evidentiary hearing.[1]  *Id.*, ex. R.  Petitioner filed two supplements to the petition—one on February 3, 2011, and one on August 26, 2011.  *Id.*, exs. T, V.  On May 2, 2011, the State responded to the petition. *Id.*, ex. U.  The court did not conduct an evidentiary hearing and, on December 6, 2011, summarily dismissed the petition.  *Id.*, ex. W.  Petitioner filed a motion to reconsider the dismissal

---

[1] Petitioner filed a second habeas petition in trial court on November 5, 2010.  *Doc. 11*, ex. S.  This petition appears identical to the October 8 petition except that it does not include the many exhibits attached to the October 8 petition.

on January 4, 2012, and the State responded on February 3, 2012.  *Id*., exs. X, Y.  The
court denied the motion on May 15, 2012.  *Id*., ex. AA.

Petitioner then filed a petition for writ of certiorari in the New Mexico Supreme
Court contending that he was entitled to an evidentiary hearing before the trial court.
*Id*., ex. BB.  Petitioner attached his trial court habeas petition, among other documents,
to his Supreme Court petition.[2]  *Id*.  The Supreme Court summarily denied the writ
petition on July 18, 2012.  *Id*., ex. CC.  Petitioner filed the instant petition under 28 U.S.C.
§ 2254 on November 9, 2012.  *Doc. 2*.

## II.    PETITIONER'S CLAIMS

Relevant to the exhaustion of Petitioner's claims are four documents: (1) the
instant § 2254 petition; (2) Petitioner's appellate brief before the New Mexico Supreme
Court; (3) Petitioner's state trial court petition for writ of habeas corpus; and (4)
Petitioner's state Supreme Court petition for writ of certiorari.  I understand each of
these documents to make the following claims.

### A.  **The instant § 2254 petition**

1.  Ineffective assistance of trial counsel due to counsel's failure to

   a.  Conduct an adequate pre-trial investigation, including failing to interview
       and prepare expert and lay witnesses and to inquire into the identification
       of Plaintiff's truck;
   b.  Object to the trial court's jurisdiction;

---

[2] It is unclear whether Petitioner attached his appellate brief to the Supreme Court petition.  The first page
of that document is included in the record filed in this case but the remaining pages are not attached.
*Doc. 11*, ex. BB, attachment no. 19.

    c.  Perform effectively at trial, including failing to (1) bring a *Batson* challenge (2) call witnesses on Petitioner's behalf, (3) allow Petitioner to testify, and (4) make timely and appropriate objections;

2. Judge Murdoch's failure to recuse himself from presiding at the preliminary hearing;

3. Prosecutorial misconduct due to (1) the introduction of "contaminated evidence," (2) failure to produce witnesses prior to trial, and (3) the introduction of fingerprint cards.

4. Judge Brennan's failure to recuse himself from presiding at trial because of his cocaine addiction.

5. The trial court erred in refusing to sever Petitioner's trial from co-defendant Frazier's trial and in failing to entered a directed verdict in favor of Petitioner

6. Ineffective assistance of appellate counsel due to counsel's
    a.  Failure to perfect the appeal;
    b.  Failure to relinquish case files when requested by Petitioner; and
    c.  Conflict of interest arising out of Timothy Padilla's representation of both counsel regarding a disciplinary complaint filed by Petitioner and Judge John Brennan, who presided over Petitioner's trial.

7. Conflict of interest of New Mexico Supreme Court Justice Charles Daniels due to Justice Daniels' representation of Judge Brennan before the Judicial Standards Commission.

**B.  Petitioner's appellate brief before the New Mexico Supreme Court**

1. Ineffective assistance of trial counsel due to counsel's failure to
    a.  Object to the use of Anthony Edwards' statements as substantive evidence rather than only for impeachment;
    b.  Introduce evidence that would have contradicted key State evidence placing Petitioner near the place of the murder;
    c.  Procure a fingerprint expert to rebut the State's expert;
    d.  Create a trial record to support a later *Batson* challenge; and

     e.   Object to evidence of Petitioner's prior juvenile arrest.

2.   Judge Murdoch's failure to recuse himself from presiding over Petitioner's preliminary hearing.

3.   Judge Brennan's failure to disqualify himself due to his cocaine addiction.

4.   The trial court erred in
     a.   Refusing to sever the trial of Petitioner from that of Jarrell Frazier;
     b.   Denying Petitioner's request for a continuance in order to respond to the State's expert testimony on fingerprint comparisons;
     c.   Allowing an in-court fingerprint comparison and admitting Exhibit 122, a fingerprint card, into evidence;
     d.   Admitting evidence of Petitioner's prior arrests and juvenile criminal record;
     e.   Refusing to direct a verdict for Petitioner; and
     f.   Admitting a death mask photograph of the victim.

5.   Prosecutorial misconduct due to
     a.   "Vouching for the veracity of one version of prior inconsistent statements to the trial judge over other inconsistent statements";
     b.   "Failing to procure potentially exculpatory evidence concerning witnesses to the crime scene";
     c.   Introducing evidence from a witness who the State promised would not testify against Petitioner;
     d.   Vouching for the guilt of Petitioner and his co-defendant in the State's closing argument; and
     e.   Implying in the State's closing argument that Petitioner and his co-defendant should have testified at trial.

6.   The jury at Petitioner's trial included no African Americans in violation of Petitioner's rights under *Batson v. Kentucky*, 476 U.S. 79 (1986).

7.   Double jeopardy violation due to Petitioner's conviction of both felony murder and kidnapping.

8.   Cumulatively, these errors  denied Petitioner a fair trial.

**C.  <u>Petition for writ of habeas corpus before the trial court</u>**

1.  Ineffective assistance of trial counsel due to counsel's failure to
    a.  Conduct an adequate investigation, including failing to interview witnesses and to investigate whether the police and witnesses misidentified Petitioner's truck;
    b.  Consult with or present testimony of a fingerprint expert or forensic expert;
    c.  File potentially meritorious pretrial motions, including a motion to dismiss on jurisdictional grounds and a motion in limine to exclude blood evidence;
    d.  Properly impeach State witnesses;
    e.  Make proper and timely objections at trial, including a *Batson* challenge and a motion to recuse Judge Brennan;
    f.  Present a defense regarding Officer Kevin Fuller's prior harassment of Petitioner; and
    g.  Allow Petitioner to testify at trial.

2.  Ineffective assistance of appellate counsel due to his
    a.  Failure to perfect the appeal;
    b.  Continued representation of Petitioner despite Petitioner's dismissal of counsel;
    c.  Refusal to relinquish Petitioner's case records to Petitioner's new counsel Joseph Riggs; and
    d.  Conflict of interest based on his representation by Timothy Padilla regarding disciplinary complaints while Mr. Padilla was at the same time representing Judge Brennan in a criminal drug case.
    e.  Cumulatively, these errors denied Petitioner a fair trial.

**D.  <u>Petition for writ of certiorari before the New Mexico Supreme Court</u>**

Petitioner's petition for writ of certiorari does not list his claims for relief; it instead directs the court to the attached trial court petition for writ of habeas corpus. *Doc. 11*, ex. BB at 2, 4-5. Mere attachment of a lower court document does not normally constitute fair presentation of the claims therein to a higher state court. *See Baldwin v.*

7

*Reese*, 541 U.S. 27, 32 (2004) (attaching lower court documents does not fairly present claims which are not included within the writ petition itself); *Jernigan v. Jaramillo*, 436 F. App'x 852, 856-857 (10th Cir. 2011) (finding prisoner failed to exhaust remedies when he attached his state habeas petition and resulting state district court order to his writ petition but did not address those claims in the writ petition itself); *Wilkinson v. Timme*, No. 12-1269, 2012 WL 5883336, at *4 (10th Cir. Nov. 23, 2012) (finding prisoner did not fairly present his claims when, instead of asserting them in his state appellate brief, he attached a prior supplemental motion which detailed the claims and referenced the attachment in a footnote). Here, however, Petitioner specifically directed the Supreme Court to his trial court petition. *Doc. 11*, ex. BB at 2. In its order denying Petitioner's Petition for Writ of Certiorari, the Supreme Court did not say whether it considered the claims asserted in Petitioner's trial court petition. *Id*., ex. CC. Because Petitioner specifically requested that the Supreme Court consider his trial court petition and because it is unclear if the court did so, I will presume that Petitioner's trial court claims and arguments were incorporated into his Supreme Court petition. Therefore, the claims in Petitioner's Supreme Court petition are identical to those in his habeas petition.

## III.  ANALYSIS

Respondents understand Petitioner's § 2254 petition to set forth seven grounds for relief. It argues that two of Petitioner's grounds—the trial court's failure to sever

8

Petitioner's trial from that of his co-defendant and to direct a verdict—are not cognizable before this Court and ought to be dismissed on that basis. *Doc. 15* at 5-8. Of the remaining five cognizable grounds, it argues that two have not been properly exhausted: the allegation that Judge Murdoch's failure to recuse himself from presiding over Petitioner's preliminary hearing violated Petitioner's equal protection rights and the allegation that the State engaged in prosecutorial misconduct by introducing contaminated evidence at trial. *Id*. at 8-12. Recognizing that the petition is therefore mixed, Respondents urge the Court to deny all of Petitioner's five cognizable claims on the merits. *Id*. at 12.

In his response, Petitioner argues that he has exhausted all of his claims and that, even if the Court determines that some claims remain unexhausted, the Court nevertheless ought

> to determine whether or not if the miscarriage of justice in this particular case has ris[en] to the level that distorted the fairness of not only the trial itself where Defendant/Petitioner Wilson's legal representation was so inadequate as obviously to deny him his Sixth Amendment right to counsel, but also determine whether or not Petitioner should be afforded the opportunity to redress his direct appeal 'with a conflict free attorney/counsel' . . . .

*Doc. 17* at 5.

I find that Petitioner has failed to exhaust three of his claims: (1) Justice Daniel's alleged conflict of interest; (2) the violation of Petitioner's equal protection rights by Judge Murdoch's failure to recuse himself from presiding over Petitioner's preliminary

9

hearing; and (3) prosecutorial misconduct based on the State's alleged introduction of contaminated evidence.  I therefore find that Petitioner's petition is mixed and I recommend that the Court give Petitioner the opportunity to voluntarily dismiss his unexhausted claims and proceed only with the exhausted ones, or to provide additional evidence demonstrating total exhaustion.  I also recommend that the Court deny the requests contained in Petitioner's response to Respondents' motion to dismiss for appointment of counsel and the determination of whether Respondents are prejudiced against Petitioner.

### A.  Petitioner has failed to exhaust three of his claims

#### 1.  Law of exhaustion

A federal court cannot grant a petition for habeas corpus under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."[3]  28 U.S.C. § 2254(b)(1)(A).  In order to exhaust a claim, a petitioner must "fairly present" it to the state courts.  "'Fair presentation' of a prisoner's [federal] claim to the state courts means that the substance of the claim must be raised there."  *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997).  Because the purpose of the exhaustion requirement is to "give the state courts one full opportunity to resolve any constitutional issues," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), the petition must alert state courts "to the fact that the prisoner

---

[3] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Petitioner has not argued—and the record does not indicate—that either of these situations are present in this case.

is asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)) (internal brackets omitted).

In order to fully exhaust a claim, a petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.  This includes pursuing discretionary review when that review is part of a state's ordinary appellate review process.  *Id*.  Finally, a petitioner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile.  *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).

### 2.   Justice Daniels' conflict of interest

In his § 2254 petition, Petitioner claims that New Mexico Supreme Court Justice Charles W. Daniels had a conflict of interest while sitting on the panel that decided his appeal.  *Doc. 2* at 11.  He alleges that Justice Daniels represented Judge Brennan—the judge who presided over Petitioner's trial—before the Judicial Standards Commission regarding Judge Brennan's arrest for possession of cocaine.  *Id*. at 11-12.  Presumably, Petitioner believes that because Justice Daniels represented Judge Brennan, he was biased in favor of Judge Brennan when ruling on Petitioner's claim charging Judge Brennan with bias and decreased cognitive functioning due to his cocaine addiction.

Petitioner did not raise the issue of Justice Daniels' alleged conflict of interest in his appellate brief, trial court habeas petition, or Supreme Court writ petition.  He has

therefore failed to exhaust this claim.[4]

### 3. The violation of Petitioner's equal protection rights by Judge Murdoch's failure to recuse himself from the preliminary hearing

Petitioner alleges that Judge Murdoch's failure to recuse himself as the presiding judge at Petitioner's preliminary hearing violated his equal protection rights. *Doc. 2* at 9. Petitioner moved for Judge Murdoch to recuse himself pursuant to N.M. Stat. § 38-3-9, which allows a party one peremptory challenge to a presiding judge if exercised before the judge's discretion has been invoked. *See JMB Retail Properties Co. v. Eastburn*, 835 P.2d 831, 834 (N.M. 1992). Judge Murdoch denied the motion as untimely. *Doc. 11*, ex. DD at 10.

In his § 2254 petition, Petitioner argues (1) Judge Murdoch's refusal to recuse himself violated his equal protection rights; (2) Judge Murdoch inappropriately exercised discretion at the preliminary hearing; and (3) the subsequent jury verdict at trial cannot cure Judge Murdoch's failure to recuse himself. *Doc. 2* at 9. Petitioner has exhausted the second and third grounds, but not the first. Petitioner raised the issue of Judge Murdoch's failure to recuse himself in his appellate brief, but cited only state law grounds. He argued that his motion to recuse Judge Murdoch was timely and

---

[4] Neither in the Answer nor the Motion to Dismiss did Respondents acknowledge the claim regarding Justice Daniels. *See docs. 11, 14*. Given the confusing nature of Petitioner's many claims, this is perhaps not surprising. In any event, Respondents did not express an opinion about whether this claim was exhausted or not. Thus, even though Respondents failed to explicitly argue that the claim was unexhausted, they cannot be said to have "expressly waive[d] the requirement." 28 U.S.C. § 2254(b)(3). Moreover, it is clear that, absent an express waiver, the Court can raise the issue of exhaustion *sua sponte* if the failure to exhaust is clear on the face of the petition. *See Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009).

appropriate under N.M. Stat. § 38-3-9 and that Judge Murdoch therefore violated the statute by exercising discretion in spite of Petitioner's motion. *Doc. 11*, Ex. L at 13-20. However, he did not contend that Judge Murdoch's failure violated his equal protection rights or that the later jury verdict did not cure the error. *See id*. The Supreme Court in its decision on Petitioner's appeal also failed to reference equal protection, although it did find that even if Judge Murdoch's failure to recuse himself constituted error, it was cured by the jury verdict. *Doc. 11*, Ex. O at 7-8. Petitioner did not raise Judge Murdoch's failure to recuse himself in his trial court habeas petition or Supreme Court writ petition. Because Petitioner has not raised the violation of his equal protection rights in state court, that claim is unexhausted.

### 4. Prosecutorial misconduct due to the introduction of contaminated evidence at trial

Petitioner asserts in his § 2254 petition that "it was prosecutorial misconduct for the State to intentionally introduce contaminated evidence" at trial. *Doc. 7* at 33. In his appellate brief, Petitioner argued that the State engaged in prosecutorial misconduct, but for different reasons. There, he claimed that the State improperly (1) "vouch[ed] for the veracity of one version of prior inconsistent statements to the trial judge over other inconsistent statements," (2) "fail[ed] to procure potentially exculpatory information concerning witnesses to the crime scene where Kelly Knoll's body was found," (3) "introduce[d] evidence that tended to implicate DAVIS WILSON from a witness who the State had promised would not provide any evidence against DAVIS WILSON

because the evidence would have been hearsay," and (4) prejudiced the jury via "the State's closing argument where the State personally vouched for the guilt of the two accused in its closing . . . and subtly attacked the right to remain silent implying a duty of the defendants to come forward and address their alleged lawfulness." *Doc. 11*, ex. L at 42 (original wording).  None of these allegations include a claim of improperly introducing contaminated evidence and Petitioner did not mention prosecutorial misconduct in his trial court habeas petition or Supreme Court writ petition.  Therefore, Petitioner has not exhausted this claim.

### B.  Petitioner should be permitted to voluntarily dismiss his unexhausted claims

Because Petitioner's § 2254 petition contains both exhausted and unexhausted claims, it is "mixed."  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).  When a petition is mixed, the Court has four options: it can "(1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . ."  *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

I do not recommend the first option due to the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).  The

limitations period begins to run when the state court "judgment bec[omes] final by the conclusion of direct review." *Id.* § 2244(d)(1)(A). When a petitioner appeals his conviction, the judgment is final when (1) the state court of last resort has ruled and (2) the time for filing a petition to the U.S. Supreme Court—ninety days—has passed. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). When, as here, the court of last resort remands the case, the judgment does not become final until the petitioner is resentenced. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007).

Because the New Mexico Supreme Court vacated Petitioner's kidnapping conviction and remanded the case on December 31, 2009, *doc. 11*, ex. P, the one-year statute of limitations began to run on April 16, 2010, when the trial court resentenced Petitioner, *id.*, ex. Q. The limitations period was tolled from October 8, 2010, when Petitioner filed his habeas petition, *id.*, ex. R, to July 18, 2012, when the New Mexico Supreme Court denied Petitioner's petition for writ of certiorari, *id.*, ex. AA. *See* 28 U.S.C. § 2244(d)(2). Because the statute of limitations is not tolled during the pendency of the instant petition, dismissal would likely render any subsequent petitions time-barred under AEDPA. *See Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). For this reason, I do not recommend dismissal of the entire petition.

Stay and abeyance is also inappropriate here. The Supreme Court has explained that the "stay and abeyance" method should only be used where the petitioner can (1) show good cause for failing to present the claims before the state court in the first

15

instance; and (2) show that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277.  Petitioner has not argued that he had good cause for failing to raise his three unexhausted claims in state court, nor has the Court identified good cause. Indeed, the record indicates that Petitioner was quite capable of raising a wide range of claims in his appellate brief and habeas petitions.

Given the brevity and opacity of Petitioner's three unexhausted claims, I do not believe it is appropriate to dismiss them on the merits.  Therefore, I recommend that this Court allow Petitioner the opportunity to amend his federal petition to excise the unexhausted claims or to supplement it with evidence demonstrating exhaustion of the unexhausted claims.  If Petitioner does not wish to dismiss the unexhausted claims, he may instead elect to return to state court to exhaust them.  In that case, this federal habeas suit will be dismissed.  Petitioner is hereby advised that, in such a circumstance, AEDPA's one-year limitations period would apply to all his claims, even those which are now exhausted and properly before this court.  *See generally Salazar v. Lemaster*, 130 F. App'x 208, 210 (10th Cir. 2005).  In short, given the time that has elapsed already, the likely consequence of this option would be that all of Petitioner's federal claims would be time-barred.

**C.  The Court should deny Petitioner's requests for appointment of counsel and a determination of whether Respondent is prejudiced**

Petitioner's response to Respondent's motion to dismiss raises two additional issues.  First, Petitioner asks that he be appointed counsel "due to his special education

16

schooling." *Doc. 17* at 12-13.  "There is no constitutional right to appointed counsel in a civil case.  However, '[t]he court may request an attorney to represent any person unable to afford counsel.'"  *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted).  "The decision to appoint counsel is left to the sound discretion of the district court."  *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).  When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: (1) "the merits of the litigant's claims," (2) "the nature of the factual issues raised in the claims," (3) the litigant's ability to present his claims," and (4) "the complexity of the legal issues raised by the claims."  *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Petitioner has not explained why he needs counsel, other than to refer to his "special education schooling."  *Doc. 17* at 13.  This single assertion is not persuasive in light of Petitioner's voluminous filings, indicating his ability to understand, articulate, and argue his claims.  Therefore, Petitioner's motion for appointment of counsel should be denied.

Second, Petitioner asks the Court to determine whether Respondents are prejudiced toward Petitioner. *Doc. 17* at 5-6. He states that Respondents have agreed to remand his co-defendant's case to the state trial court for an evidentiary hearing but has made no such agreement in this case, even though both cases involve the same issues. *Id*. at 6.

When reviewing a § 2254 petition, this Court can only consider claims challenging the proceedings and conviction which led to the petitioner's incarceration; it cannot consider claims arising out of post-conviction proceedings. *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1986). Moreover, opposing counsel has no obligation to be impartial or to handle Petitioner's case in the same manner as it handles that of Mr. Frazier. Therefore, I recommend that Petitioner's request that the Court determine whether Respondents are biased be denied.

## IV.   CONCLUSION

I have found that Petitioner has failed to exhaust three of his claims—Justice Daniels' alleged conflict of interest, the violation of Petitioner's equal protection rights by Judge Murdoch's refusal to recuse himself, and prosecutorial misconduct due to the introduction of contaminated evidence at trial. Because his petition is mixed, I recommend that the Court allow Petitioner thirty days to voluntarily dismiss the unexhausted claims or provide evidence demonstrating exhaustion. If Petitioner fails to dismiss the unexhausted claims or provide supplementary evidence of exhaustion, I

recommend that the Court dismiss his petition in its entirety.  I also recommend that the

Court deny Petitioner's requests for appointment of counsel and a determination of

whether Respondents are prejudiced toward him.


GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**