**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DAVIS EDDIE WILSON,

     Petitioner,

v.                                  CIV. 12-1224 JAP/GBW

TIMOTHY HATCH and ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

     Respondents.

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

     This matter is before the Court on Petitioner's motion for appointment of

counsel. *Doc. 27.* Having reviewed the motion, the Court finds that it should be denied.

     "There is no constitutional right to appointed counsel in a civil case. However,

'[t]he court may request an attorney to represent any person unable to afford counsel.'"

*Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1))

(other citations omitted). "The decision to appoint counsel is left to the sound

discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir.

2001). When deciding whether to grant a litigant's motion, the following factors guide

the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the

nature of the factual issues raised in the claims, the litigant's ability to present his

claims, and the complexity of the legal issues raised by the claims." *Thomas v.*

*Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d

1

994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Petitioner argues that he requires counsel because he has limited access to legal materials and is unintelligent and uneducated.  *Doc. 27* at 1-2.  "It is not enough 'that having counsel appointed would have assisted [Petitioner] in presenting his strongest possible case, [as] the same could be said in any case.'"  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).  Petitioner's petition, motion to amend, and other correspondence with the Court indicate his ability to read and understand the issues in this case and coherently articulate his claims.  *See docs. 1, 7, 20, 22, 25.*  His petition does not present novel or particularly complex legal claims and Petitioner has not identified any special or compelling circumstances that would warrant the appointment of counsel.  Thus, based on the Court's own review, none of the *Thomas* factors support granting Plaintiff's Motion.

Wherefore, **IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel, *doc. 27*, is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

2