**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DAVIS EDDIE WILSON,

     Petitioner,

v.                                      CIV. 12-1224 JAP/GBW

TIMOTHY HATCH and ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

     Respondents.

## ORDER

     This matter is before the Court on Petitioner's motions for hearing and joinder. *Docs. 33, 34.* Having reviewed the motions and accompanying briefing (*doc. 35*), the Court finds that they should be denied.

     Petitioner seeks an oral hearing on his petition, citing Federal Rule of Civil Procedure 78. *Doc. 33.* However, D.N.M.LR-Civ. 7.6(a) provides that oral argument will only be allowed if the Court sets oral hearing, which the Court declines to do here. "[L]ocal rules of practice, as adopted by the district court, have the force and effect of law, and are binding upon the parties and the court which promulgated them . . . ." *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir.1980)(quotation and citation omitted). Petitioner's request for a hearing is therefore **DENIED**.

     Petitioner also seeks to join his co-defendant Jarrell Frazier in this action, under Federal Rules of Civil Procedure 18 and 20. *Doc. 34.* He asserts that joinder is proper

1

because his and Mr. Frazier's post-conviction proceedings have common questions of fact and law, and Mr. Frazier's success at the state court level necessarily means that Petitioner's claims cannot be less meritorious than his co-defendant's. *Id.*

Federal Rule of Civil Procedure 18 provides for joinder of additional claims between parties already properly before the Court, not with the joinder of additional parties to an action. 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §§ 1582, 1585 (3d. ed. 2001).  Since Mr. Frazier is not a party to this action, Rule 18 is inapplicable here.  Federal Rule of Civil Procedure 20 allows for the permissive joinder of parties to an action.  *Franklin v. Shelton*, 250 F.2d 92, 95 (10th Cir. 1957).  The purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001). "Trial courts have wide discretion as to joinder of parties. . . ." *Franklin*, 250 F.2d at 95.  This discretion extends to denying joinder where such joinder "will not facilitate judicial economy."  *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010).  Here, the Court sees no basis to join Mr. Frazier, whose litigation has been conducted in state court, to Petitioner's action merely because both actions arise from the same trial.  Petitioner's motion for joinder is **DENIED**.

Wherefore, **IT IS HEREBY ORDERED** that Petitioner's motions for oral hearing and joinder, *docs. 33, 34*, are **DENIED**.

_____

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE